1  **Timothy J. Conway**, OSB No. 851752 (Lead Attorney)
   Direct Dial:  (503) 802-2027
2     Facsimile:   (503) 972-3727
   E-Mail:     tim.conway@tonkon.com
3  **Ava L. Schoen**, OSB No. 044072
   Direct Dial:  (503) 802-2143
4     Facsimile:   (503) 972-3843
   E-Mail:     ava.schoen@tonkon.com
5  **TONKON TORP LLP**
   1600 Pioneer Tower
6  888 S.W. Fifth Avenue
   Portland, OR 97204

   Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Peak Web LLC,<br><br>        Debtor. | Case No. 16-32311-pcm11 |
| Peak Web LLC and Peak Web Litigation Trust,<br><br>        Plaintiffs,<br><br>   v.<br><br>Bank of the West,<br><br>        Defendant. | Adv. Pro. No.<br><br>**COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION** |

Peak Web LLC ("Debtor") and Peak Web Litigation Trust ("Litigation Trust") (together, "Peak") bring this adversary proceeding (i) to determine the validity and extent of lien rights claimed by Bank of the West (the "Bank") with respect to Litigation Proceeds, (ii) to value the Bank's secured and unsecured claim and surcharge any allowed secured

**Page 1 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION
**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm  Doc 1  Filed 03/15/18

claim, (iii) for interference with Peak's efforts to return equipment to vendors other than the Bank, and (iv) for conversion. In support thereof, Peak alleges as follows:

## JURISDICTION AND VENUE

1. This matter is a core proceeding under 28 U.S.C. § 157(b) over which this court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this district under 28 U.S.C. §§ 1408 and 1409. The statutory bases for relief requested in this Complaint are 11 U.S.C. §§ 105, 506(a), and 506(c), and Federal Rules of Bankruptcy Procedure 3007, 3012, and 7001(2).

## PARTIES

2. Peak Web LLC is an Oregon corporation.

3. Peak Web Litigation Trust is a trust governed by the laws of Oregon.

4. Bank of the West is a foreign corporation registered and doing business in Oregon.

## BACKGROUND

5. On June 13, 2016 (the "Petition Date"), Peak commenced the above captioned bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

6. On or about August 26, 2016, the Bank filed Claim No. 26 in the Bankruptcy Case, asserting a secured claim in the amount of $6,308,672.13 ("Claim No. 26").

7. On or about January 12, 2017, Peak filed an objection to Claim No. 26 (the "Objection").

8. On or about February 16, 2018, the Bank filed a response to the Objection.

**Page 2 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

9. On at least two occasions, the Bank indicated to Peak that it would amend Claim No. 26 to reflect the value it recovered from the sale of equipment returned to it. To date, the Bank has not amended Claim No. 26.

10. Peak, the Bank, and the Court have agreed that the Objection shall be resolved and that the allowed amount of Claim No. 26, or any amendments thereto, shall be determined in this adversary proceeding.

## COMMON FACTS

11. Peak entered into a number of loan agreements, promissory notes, and security agreements (the "Loan Documents") with the Bank prior to the Bankruptcy Case whereby the Bank's loans to Peak were collateralized as set forth in the Loan Documents.

12. At no time did the collateral securing the aforementioned loans include Peak's commercial tort claims against Machine Zone, Inc. ("Machine Zone") or any other party. The Bank never had a security interest in any of Peak's commercial tort claims against Machine Zone.

13. During the course of the Bankruptcy Case, Peak divested itself of virtually all of the equipment it leased or financed from numerous vendors. Peak accomplished this in two ways: First, Peak worked directly with vendors to arrange for the pick-up of the vendors' respective equipment. Next, to the extent equipment was not retrieved by vendors by December 31, 2016, Peak had entered into an arrangement with North Bay Networks, Inc. ("North Bay") pursuant to which North Bay picked up thousands of pieces of equipment from Peak and moved that equipment to Emeryville, California for pick-up by vendors ("Peak/North Bay Arrangement").

14. Based on the Peak/North Bay Arrangement, North Bay was to pick up and liquidate or otherwise dispose of the equipment obtained from Peak. North Bay was to coordinate the return of that equipment to Peak's secured vendors. As part of the return process, North Bay could negotiate with and purchase equipment directly from Peak's

**Page 3 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

1  vendors or North Bay could be hired by Peak's vendors to sell the equipment on their behalf.
2  North Bay did not charge Peak for the services to be performed. Instead, North Bay's
3  compensation was to come from the opportunity to purchase the equipment from the vendors
4  or obtain a commission from the vendors for selling their collateral.

15. On or about November 18, 2016, the Bank separately entered into a Remarketing Agreement with North Bay pursuant to which North Bay picked up and resold, or attempted to resell on the Bank's behalf, equipment previously financed to Peak by the Bank. Under the terms of the Remarketing Agreement, North Bay received a commission equal to 15% of the gross sale price. The Bank was in first lien position on the equipment it financed. The Bank was in a junior lien position on Peak's remaining equipment.

16. The Bank has taken the position that it had a blanket lien on all of the equipment retrieved by North Bay from Peak notwithstanding the fact that other vendors had prior perfected liens on certain of the equipment. The Bank misrepresented to North Bay that all of the equipment it retrieved from Peak was the Bank's collateral and that the proceeds of the equipment sales should be paid to the Bank.

17. Contrary to North Bay's duties with respect to the collateral of other vendors, the Bank went so far as to tell North Bay that "the attorneys for * * * Peak could not get it through their heads that Northbay is not the agent of Peak Web and is not available at the leisure of other creditors to do their bidding."

18. The Bank further instructed North Bay not to communicate with vendors that contacted North Bay about equipment, notwithstanding the fact that other vendors had first position perfected security interests in equipment. The Bank directed North Bay to contact the Bank's counsel if it received inquiries from other vendors or to instruct the vendors to contact the Bank's counsel.

19. The Bank's instructions to North Bay caused significant delay and confusion surrounding the return of equipment. The delay in returning equipment caused the

**Page 4 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

equipment to lose value.  Vendors that tried to retrieve equipment from North Bay often received no response from either North Bay or the Bank, or waited extended periods of time for a response, which, again, caused the equipment to diminish in value.  In certain instances, no equipment was ever returned to vendors or less than all of their equipment was returned to them.

### FIRST CLAIM FOR RELIEF BY THE LITIGATION TRUST

**(To Determine the Validity, Priority, and Extent of the Bank's Lien and the Allowed Amount of its Secured Claim in the Litigation Proceeds)**

20. The Litigation Trust realleges and incorporates by reference all prior paragraphs as if set forth fully herein.

21. The Litigation Trust incorporates by reference the Objection to Claim No. 26 filed in the Bankruptcy Case.

22. In late November, 2015, Machine Zone filed a complaint against Peak in the Superior Court of California, County of Santa Clara, alleging numerous causes of action against Peak.  Soon thereafter, Peak filed its complaint against Machine Zone in the complex department of the Superior Court of California, County of Santa Clara, also alleging numerous causes of action against Machine Zone.  These actions are together referred to as the "Litigation."

23. On the Petition Date, Debtor's estate had an interest in the possible recovery of contract and commercial tort claims against Machine Zone in the Litigation.  The claims were vigorously disputed by Machine Zone.

24. The Bank's security agreement and financing statement provide that the Bank holds a blanket lien and security interest in Peak's assets, including general intangibles.  The Bank's lien and security interest do not extend to commercial tort claims.

25. On or about December 28, 2017, the Litigation was settled and has and will result in funds to the Litigation Trust ("Litigation Proceeds").

**Page 5 of 11** -   COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

26. The Litigation and the Litigation Trust's settlement thereof were, in fact, based on commercial tort claims.

27. The value of the Bank's secured claim in the Litigation and the commercial tort proceeds thereof is zero.

28. The Litigation could not proceed without sufficient funds to fund the Litigation.

29. Debtor had insufficient funds to fund the Litigation.

30. Debtor was able to obtain Litigation counsel on a contingency fee basis, but such arrangement required advance payment of Litigation costs and expenses.

31. As of the Petition Date, the Bank was unwilling to fund the costs and expenses of the Litigation.

32. As of the Petition Date, Debtor was unable to find any party to fund the Litigation other than the insiders who required a post-petition priming lien, which was not in place as of the Petition Date.

33. As of the Petition Date, there were no proposed offers to settle the Litigation.

34. As of the Petition Date, there were no buyers willing to purchase the Litigation.

35. As of the Petition Date, the Litigation could not be pursued without the continued involvement of key personnel of Debtor.

36. Pursuant to the United States Supreme Court's holding in *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997), the value of Peak's claims against Machine Zone on the Petition Date pursuant to 11 U.S.C. § 506(a) is the price a willing buyer would pay to obtain the collateral from a willing seller. Any appreciation in the value of the Litigation collateral based upon the Debtor's and Litigation Trust's post-petition and post-confirmation efforts cannot be allocated as part of the value of the Bank's secured claim.

**Page 6 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

Applying this valuation standard, the Bank's interest in Peak's claims against Machine Zone had no realizable value as of the Petition Date. In turn, the Bank's interest in Peak's estate's interest in the Litigation claims is zero.

## SECOND CLAIM FOR RELIEF BY THE LITIGATION TRUST

### (11 U.S.C. § 506(c) Surcharge)

37. The Litigation Trust realleges and incorporates by reference all prior paragraphs as if set forth fully herein.

38. The Litigation Trust incorporates by reference the Objection to Claim No. 26 filed by Debtor in the Bankruptcy Case.

39. On the Petition Date, Debtor's estate had claims against Machine Zone in the Litigation.

40. Peak incurred reasonable and necessary costs to prosecute its claims in the Litigation.

41. To the extent the Bank has a lien on the Litigation Proceeds (which lien the Litigation Trust disputes), the costs of prosecuting the claims in the Litigation bestowed a benefit on the Bank.

42. The Bank expressly or impliedly consented to the costs of prosecuting the claims in the Litigation.

43. To the extent the Bank is found to have an allowed secured claim on some or all of the Litigation Proceeds, the Bank's allowed secured claim must be reduced by the reasonable, necessary costs and expenses incurred in preserving Peak's claims in the Litigation.

44. The reasonable, necessary costs and expenses include the costs and expenses of the Litigation Trust, the Litigation loans, the Litigation counsel, and other amounts to be proven at trial.

**Page 7 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

# THIRD CLAIM FOR RELIEF

## (To Determine the Value of the Bank's Unsecured Claim Under 11 U.S.C. § 502(b))

45. Peak realleges and incorporates by reference all prior paragraphs as if set forth fully herein.

46. Peak incorporates by reference the Objection to Claim No. 26 filed in the Bankruptcy Case and further sets out the basis for its Objection in the First, Second, Fourth, and Fifth Claims for Relief set forth herein.

47. Debtor returned equipment collateral to the Bank both directly and through North Bay. The Bank has acknowledged receipt of some of the equipment and that it has received proceeds from the sale of the collateral. The Bank has not filed an amended claim reducing its claim by the amount of the proceeds recovered.

48. The Bank has recovered or is in constructive possession of other collateral, which it has not yet liquidated, provided an accounting for, or otherwise reduced or amended the amount of Claim No. 26.

49. Claim No. 26 fails to reflect the full value the Bank has recovered, and may still recover, from the equipment surrendered to it and the subsequent sale or value of such equipment.

50. Claim No. 26 fails to reflect the value the Bank recovered from additional equipment sold on its behalf notwithstanding the fact that such equipment was not the Bank's collateral.

51. Claim No. 26 must be reduced by the value of all equipment surrendered to the Bank and the value of all equipment remaining in the possession or control of the Bank (including equipment at North Bay).

**Page 8 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

## FOURTH CLAIM FOR RELIEF

**(Interference With Contract)**

52. Peak realleges and incorporates by reference all prior paragraphs as if set forth fully herein.

53. Pursuant to the Peak/North Bay Arrangement, North Bay picked up equipment from Peak and was to subsequently (a) return the equipment to various vendors, (b) purchase the equipment from various vendors, and/or (c) resell the equipment on behalf of various vendors.

54. At all material times, the Bank knew that Debtor had an arrangement with North Bay.

55. The Bank intended to interfere with the Peak/North Bay Arrangement when it instructed North Bay to sell equipment on the Bank's behalf instead of other vendors' behalf and when it instructed North Bay not to communicate with other vendors seeking the whereabouts of their equipment.

56. The Bank actually interfered with the Peak/North Bay Arrangement because, upon information and belief, North Bay sold equipment and provided the proceeds to the Bank when the equipment was collateral of other properly perfected vendors.

57. Peak suffered damage as a result of the Bank's conduct because (a) other creditors' claims could not be reduced by the value of equipment that should have been returned to them by North Bay or sold on their behalf by North Bay, and (b) the Bank's interference caused a delay in returning equipment to other creditors, which resulted in a reduction in the value of the equipment those creditors could receive upon a sale.

## FIFTH CLAIM FOR RELIEF

**(Conversion)**

58. Peak realleges and incorporates by reference all prior paragraphs as if set forth fully herein.

**Page 9 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

1     59.     Peak had the right to possess certain equipment that it leased or financed from various vendors.

60.     The Bank interfered with Peak's right to possess and return that equipment. The Bank did so by exercising control over the equipment of other vendors in the possession of North Bay by wrongfully representing to North Bay that the Bank had a superior lien on all equipment and that all equipment sales were subject to the Bank's approval and control, and for the Bank's benefit.

61.     Peak suffered damage as a result of the Bank's conduct because the Bank's conduct prevented Peak from arranging for the return of all creditors' equipment and, in turn, prevented certain creditors' claims from being reduced by the value of equipment returned to them by North Bay or sold on their behalf by North Bay.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A.     On its First Claim for Relief, for a determination that the allowed amount of the Bank's secured claim in the Litigation Proceeds is zero;

B.     Alternatively, on its Second Claim for Relief, for a determination that the reasonable, necessary costs and expenses of the Litigation Trust be surcharged against any allowed secured claim the Bank may have on the Litigation Proceeds, to the extent any such secured claim is fully or partially allowed;

C.     On their Third, Fourth, and Fifth Claims for Relief, for a determination of and reduction in the allowed amount of the Bank's unsecured claim; and

D.     For such other and further relief as is just and equitable.

**Page 10 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18

Pursuant to FRBP 7008 and LBR 7008-1, Peak consents to entry of final orders or judgment by the Bankruptcy Court.

DATED this 15th day of March, 2018.

TONKON TORP LLP

By */s/ Ava L. Schoen*
Timothy J. Conway, OSB No. 851752
Ava L. Schoen, OSB No. 044072
Attorneys for Peak Web LLC

**Page 11 of 11** - COMPLAINT (1) TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF BANK OF THE WEST'S LIEN; (2) TO DETERMINE THE ALLOWED AMOUNT OF BANK OF THE WEST'S SECURED AND UNSECURED CLAIM, (3) FOR SURCHARGE, (4) FOR INTERFERENCE WITH CONTRACT, AND (5) FOR CONVERSION

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 18-03024-pcm    Doc 1    Filed 03/15/18